United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY E. SMITH,                              )        No. C 14-00403 EJD (PR)
                                             )
            Plaintiff,                       )        ORDER OF SERVICE; DIRECTING
                                             )        DEFENDANTS TO FILE
    v.                                       )        DISPOSITIVE MOTION OR NOTICE
                                             )        REGARDING SUCH MOTION;
                                             )        INSTRUCTIONS TO CLERK
D. REYES, et al.,                            )
                                             )
            Defendants.                      )
                                             )
_____          )

       Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant

civil rights action in pro se pursuant to 42 U.S.C. § 1983, against medical officials.

Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate

order.

**DISCUSSION**

**A.      Standard of Review**

       A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state

a claim upon which relief may be granted or seek monetary relief from a defendant who

Order of Service
P:\PRO-SE\EJD\CR.14\00403Smith_svc.wpd

1    is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must,

2    however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

3    699 (9th Cir. 1988).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5    elements: (1) that a right secured by the Constitution or laws of the United States was

6    violated, and (2) that the alleged violation was committed by a person acting under the

7    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

8    **B.    Plaintiff's Claims**

9        Plaintiff claims that medical officials at SQSP have unlawfully denied him heel

10   cups for his medical condition of plantar fasciitis.  Plaintiff claims that the heel cups are

11   necessary to ease the discomfort and pain he experiences whenever he walks.  Liberally

12   construed, Plaintiff's claim is cognizable under § 1983 as deliberate indifference to

13   serious medical needs, in violation of the Eighth Amendment's proscription against

14   cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

15

16                              **CONCLUSION**

17       For the reasons stated above, the Court orders as follows:

18       1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for

19   Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a

20   copy of the complaint, all attachments thereto, and a copy of this order upon

21   **Defendants Dr. D. Reyes, Dr. E. Tootell, and Nurse J. Dela Cruz** at **San Quentin**

22   **State Prison,** (San Quentin, CA 94964)**.**  The Clerk shall also mail a copy of this Order

23   to Plaintiff.

24       2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil

25   Procedure requires them to cooperate in saving unnecessary costs of service of the

26   summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of

27   this action and asked by the Court, on behalf of Plaintiff, to waive service of the

28   summons, fail to do so, they will be required to bear the cost of such service unless

Order of Service
P:\PRO-SE\EJD\CR.14\00403Smith_svc.wpd            2

*United States District Court*
For the Northern District of California

1    good cause shown for their failure to sign and return the waiver form.  If service is

2    waived, this action will proceed as if Defendants had been served on the date that the

3    waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be

4    required to serve and file an answer before **sixty (60) days** from the day on which the

5    request for waiver was sent.  (This allows a longer time to respond than would be

6    required if formal service of summons is necessary.)  Defendants are asked to read the

7    statement set forth at the foot of the waiver form that more completely describes the

8    duties of the parties with regard to waiver of service of the summons.  If service is

9    waived after the date provided in the Notice but before Defendants have been personally

10   served, the Answer shall be due **sixty  (60) days** from the date on which the request for

11   waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever

12   is later.

13          3.     No later than **ninety (90) days** from the date of this order, Defendants

14   shall file a motion for summary judgment or other dispositive motion with respect to the

15   claims in the complaint found to be cognizable above.

16          a.     Any motion for summary judgment shall be supported by adequate

17   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules

18   of Civil Procedure.  Defendants are advised that summary judgment cannot be granted,

19   nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the

20   opinion that this case cannot be resolved by summary judgment, he shall so inform the

21   Court prior to the date the summary judgment motion is due.

22          b.     **In the event Defendants file a motion for summary judgment,**

23   **the Ninth Circuit has held that Plaintiff must be concurrently provided the**

24   **appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998)**

25   **(en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

26          4.     Plaintiff's opposition to the dispositive motion shall be filed with the

27   Court and served on Defendants no later than **twenty-eight (28) days** from the date

28   Defendants' motion is filed.

Order of Service
P:\PRO-SE\EJD\CR.14\00403Smith_svc.wpd            3

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1    Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

2    and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary

3    judgment must come forward with evidence showing triable issues of material fact on

4    every essential element of his claim).  Plaintiff is cautioned that failure to file an

5    opposition to Defendants' motion for summary judgment may be deemed to be a

6    consent by Plaintiff to the granting of the motion, and granting of judgment against

7    Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per

8    curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

9    5.    Defendants shall file a reply brief no later than **fourteen (14) days** after

10   Plaintiff's opposition is filed.

11   6.    The motion shall be deemed submitted as of the date the reply brief is due.

12   No hearing will be held on the motion unless the Court so orders at a later date.

13   7.    All communications by the Plaintiff with the Court must be served on

14   Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

15   copy of the document to Defendants or Defendants' counsel.

16   8.    Discovery may be taken in accordance with the Federal Rules of Civil

17   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

18   Local Rule 16-1 is required before the parties may conduct discovery.

19   9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep

20   the court informed of any change of address and must comply with the court's orders in

21   a timely fashion.  Failure to do so may result in the dismissal of this action for failure to

22   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

23   10.   Extensions of time must be filed no later than the deadline sought to be

24   extended and must be accompanied by a showing of good cause.

25

26   DATED:  ___8/5/2014_____   

27                                   EDWARD J. DAVILA
                                     United States District Judge

28

Order of Service
P:\PRO-SE\EJD\CR.14\00403Smith_svc.wpd           4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY E. SMITH,

            Plaintiff,

  v.

D. REYES, et al.,

            Defendants.

Case Number: CV14-00403 EJD

**CERTIFICATE OF SERVICE**

/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/5/2014_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964

Dated: _____8/5/2014_____

            Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk